Pord, J.
This action was brought to recover a penalty of $300 from the defendant, for marrying the plaintiff’s son under age, without the plaintiff being present to give his consent, and without a certificate under his hand, as required by the third section of the act concerning marriages, Rev. Laws 181.
The defendant gave in evidence the declarations of the father to third persons, that he had no objection to his son’s marriage; that he was acquainted with the time of its taking place, and satisfied it should take place; that if the Eev. Mr. Boggs had not been active in a suit between him and one Garrison, he would not have instituted this action against him; but that Mr. Boggs *had made himself pretty busy in that dispute, and he had a good chance now to give him a touch. This evidence was opposed in the court below, as being inconsistent with the provisions of the statute; but the Court of Common Pleas received it as evidence of consent, and the jury found a verdict for the defendant. The plaintiff took a bill of exceptions, which brings the legality of this evidence under our consideration; and we must be governed by the language and intent of the statute. Its provisions are, that no justice of peace or minister of the gospel shall marry a male person under the age of twenty-one years, unless the parent be present, and consent to the marriage; or give a certificate in writing, under his hand; and any justice or minister marrying a minor, without consent “obtained according to the directions of this act,” shall forfeit $300, &c.
It may be inferred, from the strictness of these provisions, and magnitude of the penalty for transgressing them, that the legislature deemed them to be of very high importance *169 in regulating those marriage contracts, whose high solemnities are never afterward revocable by the parties. Ho person will doubt the regard of the legislature for public welfare in making these provisions, who consider the misery created by marriages before reason or judgment are mature, and the deep distress they often entail on parents, parties and families. Of the various ways in which parental consent might be proved, some are very safe and explicit, while others might lead into mistakes, or afford an opening for imposition. These various modes lying under consideration, legislative wisdom saw fit to adopt only two forms of giving consent, and to declare all other forms invalid, by annexing the penalty to any marriage where consent is not obtained “ according to the directions of this act.” It places no impediment in the way of genuine consent, making the manifestation of it easy for both parents and children, and securing justices and ministers against all danger from imposition or error, if they will walk in the path marked out for them by the wisdom of the act. If they will not conform to a rule that is both explicit and excellent, and will derive evidence of consent from irregular and prohibited sources, the law must give way to them, or they must give way to the law, there being no middle ground. How the law not only is our guide, but we rejoice in its comparative wisdom above the other method. It is not even decorous in a magistrate or clergyman *to receive the tattle of a neighborhood in evidence of parental consent, in place of a dignified application to the parent himself. In his casual conversation among neighbors, he is not expected to disclose his inmost thoughts and feeling touching a family marriage. Sometimes it is the best way of preventing an unhappy attachment not to oppose it too violently, but seem to assent, in order to recover the lost confidence of a child, and win him back into a respect for wholesome advice. The statute would become a snare to entrap parents, if, in place of its guarded provisions, the court should accept of their *170 chat in the neighborhood as evidence of their consent. The father may have been actuated by unworthy motives in the prosecution of this suit, and the jury may have believed it; but if we overthrow a salutary statute that has been evidently trangressed by the defendant because his adversary is not friendly, it will establish a principle which might overthrow all the penal statutes in the state, and render them null and void.
Let the judgment be reversed. ■